SAMUEL EICHENBAUM, PLAINTIFF-APPELLEE, v. MICHAEL BLANDA, DEFENDANT-APPELLANT.

Submitted May term, 1931—Decided August 14, 1931.

Before Justices CAMPBELL, LLOYD and BODINE.

For the appellant, *Joseph J. Weinberger.*

For the appellee, *Joseph Stein.*

PER CURIAM.

The Ballard Oil Equipment Company, the assignor of the plaintiff below, entered into a contract with the defendant-appellant to install an oil heating apparatus in the building located at 40 Fourth street, Passaic, New Jersey. The total price was $1,000. The installation was completed in November, 1927, and a payment of $500 on account was made February 3d, 1928, leaving a balance of $500 unpaid, for which the present action was brought.

The defendant-appellant counter-claimed, seeking a repayment of the $500 paid on account, upon the ground and insistence that the equipment was not satisfactory and was not in compliance with the contract.

The cause was tried without a jury and judgment was entered in favor of the plaintiff below.

Defendant-appellant appeals and urges—

1. That there was no evidence to support the judgment.

2. That appellant's right to claim dissatisfaction was not waived by the payment of $500 on account of the contract.

3. That appellee in event of a right of recovery was not entitled to have the balance of the contract but only the reasonable value of the work done.

Now the contract does provide "money to be paid when heat and work are satisfactory to buyer."

The testimony is in conflict as to how the payment of $500 on account was made. The appellant asserts that at the time the system was installed in November, 1927, he gave to the installing company a check for $500 post dated February 3d, 1928, and that at that time he had not had an opportunity of passing upon the question as to whether the system, work and heat were satisfactory under the contract.

The plaintiff's proofs are that this check of $500 was given and paid on the day it bears date, namely, February 3d, 1928.

We find the proofs to be such as to have warranted the trial judge in finding as he did and there being proof to support such finding it will not be disturbed by this court.

The third ground of appeal we find to be without merit.

The judgment below is affirmed.